# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROLLO REGINALD PIERRE PRINCE,

      Petitioner,

v.

WILLIAM POLLARD,

      Respondent.

Case No. 19-CV-344-JPS

**ORDER**

   This is an unconventional case. On March 7, 2019, an anonymous person ("Person X") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 under the name of Rollo Reginald Pierre Prince ("Prince"). (Docket #1). On March 26, 2019, Person X filed a motion to stay proceedings under Prince's name. (Docket #3). On April 2, 2019, Person X filed a motion to transfer the case to the Western District of Wisconsin, also under Prince's name. (Docket #5). All three submissions were written in the same handwriting, and were (ostensibly) signed by Prince. However, on April 29, 2019, Prince filed a motion to dismiss the case, explaining that he had not filed any paper work in the federal courts. (Docket #7). Prince suspects that a fellow inmate, Benjamin Biese, is harassing him and forging his name and signature. *Id.* Prince's filing (Docket #7) is written in different handwriting than the prior filings. The Court has no way of verifying if Prince's explanation is true, but in the course of investigating the issue, it noticed that a pro se prisoner named Benjamin Biese, at Green Bay Correctional Institution, has been involved in forty-eight different lawsuits since 2014.

The Prison Litigation Reform Act ("PLRA"), which allows prisoners to bring civil actions without pre-payment of fees, prohibits prisoners from filing civil actions if they have, on three or more prior occasions, filed an action that was "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Biese voluntarily dismisses his cases before they can be adjudicated as frivolous, malicious, or failing to state a claim. *See e.g.*, 2014-CV-361-RTR (E.D. Wis.); 2015-CV-448-RTR (E.D. Wis.); 2016-CV-492-DEJ (E.D. Wis.); and 2017-CV-678-LA (E.D. Wis.) (non-exhaustive). Therefore, he has managed to evade the so-called "three strikes" rule many times over. Even if he is not behind this particular habeas petition, Biese has a long history of harassing the federal court system.

"Every paper filed. . .no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) (citing and quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). As part of this responsibility, district courts have "inherent power to fashion an appropriate sanction for conduct which abuses the judicial process." *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009) (citing and quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)); *Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997) (using its "inherent power to protect [itself] from vexation" to impose monetary sanctions and deeming all of petitioner's future 28 U.S.C. § 2255 claims summarily rejected). Biese is not a party to this litigation, but a copy of this order will be sent to him at the Green Bay Correctional Institution. He is hereby notified that if he continues to file frivolous lawsuits, the Court will use its authority to impose monetary fines, and may return or refuse to act

on any future filings from him. *Alexander*, 121 F.3d at 316; *see also Bradley v. Wis. Dep't of Children and Families*, 715 F. App'x 549, 550 (7th Cir. 2018) (citing *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995)). Unfortunately, this may not prevent him from filing cases fraudulently, under another person's name.

Accordingly,

**IT IS ORDERED** that the motion to stay proceedings (Docket #3) and motion to transfer case (Docket #5) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the motion to dismiss the case (Docket #7) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this petition and case be and the same are hereby **DISMISSED without prejudice**.

Dated at Milwaukee, Wisconsin, this 21st day of May, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge